PER CURIAM.
Under section 520.11 Fla.Stat., F.S.A., which was in effect at the times involved *763 in this case, a seller of a motor vehicle, under a contract providing for retaking for a breach thereof, was authorized to retake possession. Provision was made therein for giving the buyer notice and opportunity to redeem. In subsection four it was provided that if the buyer did not redeem or demand a public sale, the seller or holder had the option to retain the vehicle as his own, or sell it for his own account without obligation to account to the buyer, or to sell the vehicle at public sale after notice as therein specified. By subsection five it was provided that when a public sale is had the proceeds should be applied in a manner therein outlined, and as to liability of the buyer for a deficiency balance, it was then provided that the buyer "shall remain liable for any balance remaining unpaid after such application only if there is a public sale as provided above,” and if the contract contained certain provisions for specified application of the proceeds of sale and that the buyer should remain liable for any balance. The contracts in this case contained those requisite provisions.
Subsection six of § 520.11 provided that if there was no public resale, the holder could retain the motor vehicle as his own, or sell it for his own account without obligation to account to the buyer and thereupon the parties would be discharged of obligations under the contract.
In this case the seller repossessed upon default, took proper steps for a noticed public sale, and appeared at the sale but made no bid, and no bids were made by any other persons. Thereafter the holder sold at private sale, after which it brought this action against the buyer and the guarantor, seeking to recover a deficiency sum which had resulted from the private sale. On motion of the defendants to dismiss, the trial court dismissed the complaint with prejudice, and the plaintiff appealed.
The determinative question presented on this appeal is whether the trial court committed error in concluding that when no bid was made at the time and place of the noticed public sale, there was no public sale of the motor vehicle or vehicles, requisite under the statute for liability for a deficiency.
We hold that the decision of the trial court was eminently correct. The statute was definite, wherein it did not permit recovery of a deficiency unless there was a public sale as provided for therein. It is clear beyond the need for elaboration that when the public sale was attempted, none resulted as there was no bid. Moreover, it is undisputed that the sale which was made thereafter, out of which the claim for a deficiency balance arose, was a private sale.
Affirmed.